BENJAMIN B. WAGNER
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MARTIN CARRANZA-SANCHEZ,<br>　aka "Victor Garcia,"<br>　aka "Victor,"<br>　aka "Martin,"<br><br>　　　　　　　　　Defendant. | CASE NO. 1:16-CR-00032-DAD-BAM<br><br>STIPULATION AND ORDER REGARDING DISCLOSURE OF SENSITIVE MATERIAL AND PERSONAL IDENTIFICATION INFORMATION |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant MARTIN CARRANZA-SANCHEZ ("defendant"), by and through his counsel of record, Deputy Federal Public Defenders Megan Hopkins and Victor Chavez, hereby file this Stipulation Regarding Disclosure of Sensitive Materials and Personal Identification Information.

　　　　1.　　　　The government possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to witnesses, or the confidentiality of an ongoing investigation (the "Sensitive Materials").

　　　　2.　　　　The government will mark all Sensitive Materials with "PROTECTIVE ORDER."

　　　　3.　　　　If the government distributes any document, file, email, flash drive, compact disk, or

other material bearing the above label, defense counsel and defendant agree to the following as to such material:

    a. Defense counsel shall not distribute Sensitive Materials to anyone other than their own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer associates);

    b. Defense counsel shall not allow anyone other than themselves, and their legal staff to possess, or maintain possession of, any Sensitive Materials;

    c. Defense counsel may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first conferring with government counsel and, in any event, shall file any Sensitive Materials under seal.

    d. The parties agree to confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

4. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers, and financial account information (collectively "personal information").

5. This personal information is found throughout the discovery in this case, which includes, among other records, hundreds of pages of records from businesses and law enforcement agencies.

6. The parties stipulate, and request the Court to order, that only defense counsel and defense counsels' legal staff may review the unredacted personal information contained in the discovery, and that defense counsel and defense counsels' legal staff may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

7. The parties further stipulate, and request the Court to order, that only defense counsel and defense counsels' legal staff may make copies of any discovery containing unredacted personal information, and may not release any such copies to any third party.

8. The parties further stipulate and request the Court to make its Order applicable to unredacted personal information contained in all of the discovery produced in this case, including any discovery produced after entry of its Order.

9. At the conclusion of this matter, defense counsel will collect and destroy any and all

copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has distributed to their legal staff, except a copy set as necessary to maintain in defense counsels' case file.

    10.    Accordingly, the parties respectfully request that the Court adopt the corresponding protective order.

    11.    By signing this stipulation, the parties agree to be bound by the above terms, and those of the accompanying proposed order, before and after the Court executes and enters that order.

    12.    By signing this stipulation, counsel for defendant represents that they have discussed the contents of this stipulation and proposed order with defendant, and that defendant has no objection to this stipulation and the relief requested in the proposed order.

Dated:  March 18, 2016                                      Respectfully submitted,
                                                            Benjamin Wagner
                                                            United States Attorney


                                                     By:    /s/ Angela L. Scott _____
                                                            ANGELA L. SCOTT
                                                            Assistant U.S. Attorney


Dated: March 18, 2016                                       /s/ Megan Hopkins per email authorization
                                                            MEGAN HOPKINS
                                                            Attorney for Defendant
                                                            MARTIN CARRANZA-SANCHEZ


Dated: March 18, 2016                                       /s/ Victor Chavez per email authorization
                                                            VICTOR CHAVEZ
                                                            Attorney for Defendant
                                                            MARTIN CARRANZA-SANCHEZ

**ORDER**

The Court has received and considered the jointly-filed Stipulation Regarding Disclosure of Sensitive Materials and Personal Identifying Information between Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant MARTIN CARRANZA-SANCHEZ, by and through his counsel of record, Megan Hopkins and Victor Chavez.

Good cause showing, IT IS HEREBY ORDERED THAT:

1. The government will identify the discovery materials in this case the disclosure of which could jeopardize the safety of witnesses or other persons or affect the confidentiality of ongoing investigations (the "Sensitive Materials").

2. The government will mark all Sensitive Materials with the following: "PROTECTIVE ORDER"

3. If the government distributes any document, file, email compact disk, or other material bearing the above label, defense counsel and defendant agree to the following as to such material:

   a. Defense counsel shall not distribute Sensitive Materials to anyone other than their own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer associates) and defendant;

   b. Defense counsel shall not allow anyone other than themselves and their legal staff to possess, or maintain possession of, any Sensitive Materials;

   c. Defense counsel may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first meeting and conferring with government counsel, and, in any event, shall file any Sensitive Materials under seal;

   d. The parties must confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

4. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers and financial account information (collectively "personal information").

5. This personal information is found throughout the discovery in this case, which includes, among other records, hundreds of pages of records from businesses and law enforcement agencies.

6. Only defense counsel and defense counsels' legal staff may review the unredacted personal information contained in the discovery.  Defense counsel and defense counsels' legal staff may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

7. Only defense counsel and defense counsels' legal staff may make copies of any discovery containing unredacted personal information, and may not release any such copies to any third party.

8. At the conclusion of this matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has made and distributed to their legal staff, except a copy set as necessary to maintain in defense counsels' case file.

9. This Order shall apply to Sensitive Material and unredacted personal information contained in all discovery produced in this case, including any discovery produced after entry of this Order.

IT IS SO ORDERED.

Dated:   **March 21, 2016**                                  _____
                                                              UNITED STATES DISTRICT JUDGE